NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 28 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| COREY DREW, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> COUNTY OF YAVAPAI; YAVAPAI COUNTY SHERIFF DEPARTMENT; DENNIS MCGRANE; TOM BOELTS; JOHN JOHNSON; SAMUEL CONTRERAS; PATRICK BOEHM; LARRY HOOTEN, <br><br> Defendants - Appellees. | No. 25-4639 <br><br> D.C. No. 3:24-cv-08073-KML-MTM <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Krissa M. Lanham, District Judge, Presiding

Argued and Submitted April 16, 2026**
Phoenix, Arizona

Before: GRABER, HURWITZ, and DESAI, Circuit Judges.

Corey Drew appeals the Rule 12(b)(6) dismissal of his pro se complaint

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

alleging that Yavapai County Sheriff's Office ("YCSO") Captain Tom Boelts and Lieutenant John Johnson took adverse actions against him in retaliation for exercising his First Amendment rights. We review Rule 12(b)(6) dismissals de novo, *Hunley v. Instagram, LLC*, 73 F.4th 1060, 1068 (9th Cir. 2023), and we must determine whether the complaint "state[s] a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (cleaned up).

We have jurisdiction under 28 U.S.C. § 1291. We affirm in part, reverse in part, and remand.

1.      The district court correctly dismissed the claims against Boelts because his alleged actions would not "chill a person of ordinary firmness from continuing to engage in the protected activity." *Ballentine v. Tucker*, 28 F.4th 54, 61 (9th Cir. 2022) (cleaned up). Drew alleged that Boelts ordered Drew's photo placed in YCSO substations, requested a threat assessment on Drew, distributed a bulletin about Drew throughout the department, and told officers to watch Drew's YouTube video. These internal YCSO communications do not constitute the kind of "regulatory, proscriptive, or compulsory" government actions typically found to be chilling. *Laird v. Tatum*, 408 U.S. 1, 11 (1972). Boelts's alleged instruction that YCSO

personnel forward him complaints filed by Drew and his subsequent failure to respond to those complaints are likewise not actions that would chill a person of ordinary firmness from engaging in protected activity.

2. The district court erred in dismissing the First Amendment retaliation claims against Johnson. Although the district court correctly noted that "Johnson's decisions to pursue an investigation and file charges likely qualify as adverse actions" that would chill the exercise of First Amendment rights, *see Ballentine*, 28 F.4th at 61, it dismissed the complaint because it found that "Drew has not adequately alleged Johnson's actions were taken in the absence of probable cause," *see Hartman v. Moore*, 547 U.S. 250, 252 (2006) (holding that a retaliatory prosecution claim requires pleading absence of probable cause); *Nieves v. Bartlett*, 587 U.S. 391, 401 (2019) (same for retaliatory arrest). But Drew expressly alleged that "Johnson . . . initiated criminal proceedings against Plaintiff without any probable cause" and "contrived to have Plaintiff wrongfully arrested and charged with Disorderly Conduct among other charges, based on fabricated allegations and without any factual basis to substantiate their claims." He also alleged that all charges against him had been dismissed by a state trial judge, three for lack of probable cause.

Drew's clearest allegation that Johnson lacked probable cause was set forth in his claim for malicious prosecution. But we "consider the complaint in its

entirety . . . when ruling on Rule 12(b)(6) motions to dismiss." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). Construing his pro se complaint liberally, *see Estelle*, 429 U.S. at 106, we conclude that Drew sufficiently alleged the absence of probable cause.

3.     Johnson argues that the allegations that he was involved in Drew's arrest and prosecution are impermissibly conclusory. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). We reject that argument. Drew alleged that Johnson ordered a subordinate to conduct a "sham investigation" in support of "baseless" and pre-determined charges. *See Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978) (holding that a person may be held liable under § 1983 for "setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury"). The complaint also alleged that Johnson acknowledged "things which should have been done differently" concerning Drew's initial arrest and promised to review "Civil Rights Issues" with the arresting officers. Drew alleged that Johnson later changed his mind, omitted this statement that seemingly substantiated Drew's complaint from communications with Boelts, and decided to file criminal charges against Drew only days after Drew asked to escalate his complaint and published the YouTube video. These allegations are more than "[t]hreadbare recitals of the elements of a cause of action," *Iqbal*, 556 U.S. at 678, and suffice to survive a Rule 12(b)(6) motion.

25-4639

**AFFIRMED in part; REVERSED in part and REMANDED.**